UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


GAIL FERRARA,                        :
                                     :
          Plaintiff                  :        No. 4:CV-05-0121
                                     :
     v.                              :        Complaint Filed 10/25/01
                                     :
JO ANNE B. BARNHART,                 :
Commissioner of Social Security      :        (Judge Muir)
Administration,                      :
                                     :
          Defendant                  :        (Magistrate Judge Smyser)

ORDER

August 18, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On either June 21, 2001, or August 4, 2001,[1] Plaintiff Gail

Ferrara filed an application for disability insurance benefits in

which she claimed to have been disabled as of April 2, 2001,

because of a cervical spine condition, carpal tunnel syndrome,

rheumatoid arthritis, and peptic ulcers.  An administrative

hearing, at which Ferrara was the sole witness, was held on March

11, 2003.

On July 24, 2003, the Administrative Law Judge issued a

decision in which he denied Ferrara's application for benefits.

The Administrative Law Judge concluded that Ferrara's cervical

spine condition, carpal tunnel syndrome, rheumatoid arthritis,

---

1.  The record does not show which of these two dates is accurate.
For the purposes of this order, that gap is inconsequential.

and peptic ulcers were not sufficiently severe, either singly or in combination, to entitle Ferrara to the benefits she sought.

Ferrara filed her complaint in this court on January 19, 2005.  The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge J. Andrew Smyser for preliminary consideration.  The matter was fully briefed in accordance with the local rules.

On July 29, 2005, the Magistrate Judge issued a 27-page report recommending that this action be remanded to the Administrative Law Judge because 1) the Administrative Law Judge's determination regarding the severity of Ferrara's impairments is not supported by substantial evidence; and 2) the Administrative Law Judge's determination concerning Ferrara's residual functional capacity is not adequately explained.

Objections to the Report and Recommendation were to have been filed by August 15, 2005, and to this date none have been filed.  On August 11, 2005, the Defendant filed a letter advising us that she "waives the opportunity to object to the Report and recommendation entered by the Magistrate Judge ...." (Document 14)

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).  In an appeal of the denial of Social Security Benefits, our review

of the Magistrate Judge's report and the issues therein is governed not only by that principle but also by 42 U.S.C. §405(g).  In such cases our review is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed. E.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 420 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).

Magistrate Judge Smyser concludes that there are two reasons to remand this case to the Administrative Law Judge.  The first is that the Administrative Law Judge did not sufficiently explain his rejection of the medical evidence concerning the severity of Ferrara's impairments.  Magistrate Judge Smyser specifically comments that "the ALJ disregarded doctors' opinions in favor of his own interpretation of medical reports to reach his conclusions." (Report and Recommendation, p. 17)  The second reason cited by the Magistrate Judge to remand this case is that

the Administrative Law Judge's explanation of his conclusions relating to Ferrara's residual functional capacity does not comply with the requirements established by the Court of Appeals for the Third Circuit in Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001), and Cotter v. Harris, 642 F.2d 700, 704 (3d Cir.1981).

Our review of this case confirms the Magistrate Judge's determinations.  The Administrative Law Judge failed to address much medical evidence supporting the conclusion that Ferrara's impairments are severe (including the report and medical opinion of her treating physician), and he did not sufficiently explain the reasons for his determination regarding Ferrara's functional capacity.

Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed to it, we will adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Report and Recommendation of Magistrate Judge Smyser filed on July 29, 2005, is adopted *in toto*.

2.    This case is remanded to the Administrative Law Judge for reconsideration of the evidence concerning Ferrara's impairments and her residual functional capacity.

3.    The Clerk of Court shall close this case.


                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga